IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Barbara Dubuc, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. |
| ConocoPhillips Company, | § § | |
| Defendant. | § § § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Sections 1332(a) and 1446(a), Defendant ConocoPhillips Company ("Defendant") files this Notice of Removal to effectuate the removal of this action from the 11th Judicial District Court for Harris County, Texas, to the United States District Court for the Southern District of Texas.

## I.
## THE STATE COURT ACTION

1. This action was filed by Plaintiff Barbara Dubuc on November 13, 2023, in the 11th Judicial District Court for Harris County, Texas, and assigned Cause Number 2023-78875. As of the time of this filing, service has not been completed on Defendant in the state court action.

## II.
## REMOVAL IS PROPER

2. This action is removable pursuant to 28 U.S.C. Section 1332(a). Federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000 and the dispute is between citizens of different states. 28 U.S.C. § 1332 (a)(1). Both conditions are satisfied here.

**A.     The $75,000 amount-in-controversy requirement is satisfied.**

3. According to her petition, Dubuc is seeking damages in "an amount over $1,000,000.00." State Ct. Pet., ¶ 2.

4. Thus, for purposes of this Court's diversity jurisdiction, the amount in controversy threshold is satisfied. *See* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.")

**B.     Complete diversity exists between the proper parties to this lawsuit.**

5. Defendant is a Delaware corporation with its principal place of business in Houston, TX. For federal court jurisdiction and diversity of citizenship purposes, Defendant is a citizen of Delaware and of Texas.

6. Plaintiff's state court petition indicates that she resides in Oklahoma. *See* State Ct. Pet., at ¶ 3. This is sufficient prima facie evidence to establish that Plaintiff is domiciled in Oklahoma. *See Stine v. Moore*, 213 F.2d 446, 447 (5th Cir. 1954) ("the place of residence is prima facie the domicile."). Plaintiff's state court petition further indicates that she possesses an Oklahoma driver's license. *See* State Ct. Pet., at ¶ 3. This is further evidence that Plaintiff is domiciled in Oklahoma. *See Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996) ("The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant … has driver's and other licenses"). Plaintiff is domiciled in Oklahoma, and is therefore a citizen of Oklahoma. Thus, complete diversity exists between the parties.

7. Because the amount in controversy and diversity requirements are satisfied, this action is removable under 28 U.S.C. Section 1332(a).

### III.
### TIMELINESS OF REMOVAL AND NON-WAIVER OF DEFENSES

8. "Snap removal allows cases that would otherwise not be removable because they involve one or more forum defendants to be removed to federal court if removal occurs before any forum defendant has been served." *Latex Constr. Co. v. Nexus Gas Transmission, LLC*, CV 4:20-1788, 2020 WL 3962247 at *2 (S.D. Tex. July 13, 2020).

9. Based on all available information, Defendant has not been served as of the time of this filing. As such, this removal is timely and the forum-defendant rule does not bar removal under these circumstances. *Id.* ("The Fifth Circuit, along with other appellate courts, have held that § 1441 (b)(2) allows for "removal prior to service on all defendants," also known as "snap removal.").

10. By removing this action to federal court, Defendant does not waive any defenses available to it. This removal is filed before the deadline to appear in the state court action.

## IV.
## PROPRIETY OF REMOVAL TO THIS COURT

11. The 11th Judicial District Court of Harris County, Texas is located within the Southern District of Texas. As such, this action is properly removed to this Court. 28 U.S.C. § 1441(a).

## V.
## CIVIL COVER SHEET AND STATE COURT DOCUMENTS ATTACHED

12. This Notice of Removal is accompanied by an index of Matters Being Filed, which identifies the following additional attachments:

(a) A complete and executed Civil Cover Sheet;

(b) All executed process in this case (there are none);

(c) Pleadings asserting causes of action and all answers to such pleadings;

(d) All orders signed by the state judge (there are none); and

(e) The state court docket sheet.

## VI.
## NOTICE TO STATE COURT AND PLAINTIFFS

13. Pursuant to 28 U.S.C. Section 1446(d), Defendant will promptly file a copy of this Notice of Removal and all associated attachments with the 11th Judicial District Court of Harris County, Texas, and will provide all necessary notice to Plaintiff.

## VII.
## CORPORATE DISCLOSURE STATEMENT

14. A Corporate Disclosure Statement is being filed in conjunction with this Notice of Removal.

## CONCLUSION

This case is removable under the Court's diversity jurisdiction. Accordingly, Defendants respectfully request that the United States District Court for the Southern District of Texas accept this Notice of Removal, assume jurisdiction over this case, and issue such further orders as may be necessary to bring before it all parties necessary for the fair and equitable adjudication of this action.

- 5 -

Dated: November 15, 2023

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

/s/ Brett J. Young
Brett J. Young
State Bar No. 24042203
brett.young@nortonrosefulbright.com
J. Devin Wagner
State Bar No. 24090451
devin.wagner@nortonrosefulbright.com
Jay Do
State Bar No. 24136810
jay.do@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:    (713) 651-5151
Facsimile:     (713) 651-5246

Attorneys for Defendant ConocoPhillips Company

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

**Patton Law, P.C.**
Keith E. Patton
SBN: 24032821
keith@pattonlaw.com
500 Copper Ave NW, Suite 100
Albuquerque, NM 87102


Attorney for Plaintiff


                                                  /s/ Brett J. Young
                                                    Brett J. Young