# Exhibit 3

11/13/2023 1:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 81568528
By: Gerardo Perez
Filed: 11/13/2023 1:03 PM

## 2023-78875 / Court: 11

CAUSE NO. _____

| | | |
|---|---|---|
| BARBARA DUBUC, Individually | § | IN THE DISTRICT COURT OF |
| And as Representative of the Estate of | § | |
| LARRY DUBUC, Deceased | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | HARRIS COUNTY, TEXAS |
| -vs- | § | |
| | § | |
| CONOCOPHILLIPS COMPANY; | § | |
| | § | |
| **Defendants.** | § | \_\_\_\_\_ DISTRICT COURT |

### PLAINTIFF'S ORIGINAL PETITION

NOW COMES, Plaintiff, BARBARA DUBUC, Individually and as Representative of the Estate of LARRY DUBUC, Deceased, Plaintiff, complaining of Defendant, CONOCOPHILLIPS COMPANY, and for causes of action would respectfully show this Court and Jury the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff requests that this case be governed by a discovery control plan as provided in Rule 190 and be conducted under Level 3 of this Rule.

### RELIEF SOUGHT

2.    In accordance with Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief in an amount over $1,000,000.00.

### PARTIES

3.    Plaintiff, BARBARA DUBUC resides in Pocola, Oklahoma.  She was born in 1962 and the last three digits of her Oklahoma Arizona driver's license number are 648.

4.    Defendant, CONOCOPHILLIPS COMPANY is a Delaware Company doing business in Texas with its principal place of Houston, Harris County, Texas.

Certified Document Number: 111309016 - Page 1 of 8

## VENUE AND JURISDICTION
## FIRST CAUSE OF ACTION:  NEGLIGENCE

13.      All of the allegations contained in the previous paragraphs are re-alleged herein.

14.      Plaintiff, BARBARA DUBUC would show that Decedent, LARRY DUBUC was exposed to a deadly situation by Defendant. Plaintiff alleges, as more specifically set out below, that Decedent contracted Myelodysplastic Syndrome (MDS) and, and such illness and his subsequent death were proximately caused by Defendant's negligent acts, and by his exposure to and use of products designed, produced, manufactured, marketed, placed into the system of commerce, sold or used by Defendant.

15.      Decedent's illness and Plaintiff's subsequent damages are a direct and proximate result of the negligence of Defendant or, where applicable, the employee or the agent of Defendant.

16.      Defendant, at all times material to this action had a duty to any and all consumers and workers, including LARRY DUBUC, to exercise reasonable care in the creation, manufacturing, production, and distribution of its benzene containing gasoline products into the stream of commerce, including a duty to assure the products did not pose a significantly increased risk of injury, including, without limitation, leukemia and other diseases of the lymphatic and hematopoietic systems.

17.      Defendant breached the duty owed to Decedent and was negligent in the following respects:

     a.    Failing to take precautions or to warn LARRY DUBUC of the dangers and harm from benzene and carcinogens to which he was exposed while handling benzene-containing products;

     b.    Failing to provide LARRY DUBUC with sufficient knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances to protect him from being damaged by exposure to benzene;

Certified Document Number: 111309016 - Page 2 of 8

c.     Failing to take precautions or to exercise care by placing any warnings or cautions on the containers of such products to warn the handlers thereof of the dangers of benzene to health in coming into contact with benzene;

d.     Failing to take reasonable care to warn LARRY DUBUC of said dangers and/or to instruct LARRY DUBUC in the proper handling of benzene, or to take proper precautions or exercise care to protect LARRY DUBUC from harm, and failed to timely adopt and enforce a safety plan and method of handling benzene;

e.     Ignoring or failing to learn that the benzene-containing gasoline products introduced into the stream of commerce contained benzene and were toxic and carcinogenic, and failing to adequately warn of same;

f.     Supplying products with marketing, design, and/or manufacturing defects;

g.     Failing to provide adequate safety equipment;

h.     Failing to provide visible, understandable warnings that were adequate to convey the severity of the risks associated with benzene;

i.     Failing to take reasonable care to warn LARRY DUBUC of the latency period concerning diseases caused by benzene;

j.     Failing to take reasonable care to warn LARRY DUBUC of bystander exposure at the workplace;

k.     Failing to warn LARRY DUBUC about the risk of developing cancer, including MDS and Leukemia.

18.     Such acts and omissions constituting negligence were a proximate cause of the illness, injuries, and damages sustained by Plaintiffs.

## SECOND CAUSE OF ACTION:  PREMISES LIABILITY

19.     All of the allegations contained in the previous paragraphs are re-alleged herein.

20.     Defendant owed a duty to exercise reasonable care and caution for the safety, health and welfare of LARRY DUBUC and others working on their premises where benzene was used.

21.     Defendant knew, or in the exercise of reasonable care should have known, of an unreasonably dangerous condition on the premises of its gasoline stations, including the presmises

Certified Document Number: 113090016 - Page 3 of 8

where LARRY DUBUC worked in Arkansas, specifically benzene exposure, and that such exposure involved a foreseeable risk of harm and injury to a person in LARRY DUBUC's position.

22.    Nevertheless, **Defendant** negligently, recklessly and or intentionally failed to evaluate such conditions and failed to use reasonable care to prevent harm to **LARRY DUBUC** and others from the dangers associated with occupational exposure to benzene.

23.    **Defendant** required workers, including **LARRY DUBUC**, to work with or in close proximity to benzene, and be exposed to same, without the necessary preventative measures or precautions.

24.    Defendant knew, or in the exercise of reasonable care should have known, that LARRY DUBUC would not discover the dangerous condition, would not realize the condition presented an unreasonable risk of injury, or would not protect himself from the condition.

25.    **Defendant** was negligent and breached its duty to exercise reasonable care for the safety, health, and welfare of **LARRY DUBUC** by doing one or more of the following:

    a.    Creating dangerous conditions on its premises;

    b.    Failing to keep its premises in a reasonably safe condition;

    c.    Failing to give adequate warnings of the dangerous conditions on its premises;

    d.    Failing to protect invitees, such as LARRY DUBUC, from the hazards associated with exposure to benzene;

    e.    Failing to monitor benzene levels at its premises;

    f.    Failing to perform industrial hygiene monitoring for LARRY DUBUC;

    g.    Failing to medically monitor LARRY DUBUC;

    h.    Committing acts or omissions while having a right to control;

    i.    Failing to properly exercise the right to control;

Certified Document Number: 111309016 - Page 4 of 8

j.      Failing to provide a safe place to work;

k.      Failing to provide adequate personal protective equipment (PPE) and other safety equipment;

l.      Failing to adopt and enforce a reasonable and safe industrial hygiene plan for benzene;

m.     Failing failed to provide LARRY DUBUC with visible, understandable warnings that were adequate to convey the severity of the risks of exposure to benzene;

n.      Failing to take reasonable care to warn LARRY DUBUC of the latency period concerning diseases caused by benzene exposure;

o.      Failing to take reasonable care to warn LARRY DUBUC of bystander exposure;

p.      Failing to warn LARRY DUBUC about the risk of developing cancer, including MDS and Leukemia;

26.     In failing to keep its premises reasonably safe, Defendant proximately caused LARRY DUBUC to be exposed to significant amounts of benzene, which caused him to develop Leukemia.

27.     Such acts and omissions constituting premises liability were a proximate cause of the illness, injuries, and damages sustained by Plaintiffs.

**THIRD CAUSE OF ACTION:  STRICT PRODUCTS LIABILITY**

28.     All of the allegations contained in the previous paragraphs are re-alleged herein.

29.     The products and/or materials which LARRY DUBUC used and was exposed to were designed, produced, manufactured, marketed, sold and/or otherwise put into the stream of commerce by Defendant, and were used for their intended purpose.

30.     Plaintiff would further show that the products in questions were defective and not reasonably fit for the ordinary purposes and uses for which they were intended at the time they left the hands of the Defendants in that Defendant defectively designed said products by way of including benzene as a constituent or contaminant, and also failed to give the users adequate

Certified Document Number: 111309016 - Page 5 of 8

warnings or instructions concerning product dangers that were known or should have been known to the Defendant by the application of reasonably developed skill and foresight. The failures to warn on the part of the Defendant rendered such products unreasonably dangerous.

31.     Such acts and omissions constituting strict products liability were a proximate cause of the illness, injuries and damages sustained by Plaintiff.

### FOURTH CAUSE OF ACTION:  GROSS NEGLIGENCE

32.     All of the allegations contained in the previous paragraphs are re-alleged herein.

33.     The actions and inactions of all the Defendant and/or alternatively the employees or agents of Defendant, and its predecessors-in-interest, whether taken separately, or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in the damages sustained by Plaintiff. More specifically, Defendant, or alternatively the employees or agents of Defendants, and their predecessors-in-interest, consciously and/or deliberately engaged in fraud, wantonness and/or malice with regard to Decedent, LARRY DUBUC.

34.     Defendant had actual awareness of the extreme degree of risk associated with exposure to benzene which it utilized, manufactured, processed, and/or distributed, and nevertheless proceeded with conscious indifference to the rights, safety, and welfare of LARRY DUBUC by failing to act to minimize or eliminate these risks. Therefore, Defendant is guilty of gross negligence for which it should be held liability in punitive and exemplary damages to Plaintiff.

### DAMAGES

35.     The conduct of Defendant, as alleged hereinabove, was a direct, proximate and producing cause of the injuries and illness to LARRY DUBUC, and the following general and special damages sought by Plaintiff.

Certified Document Number: 113090016 - Page 6 of 8

36.    On behalf of the Estate of LARRY DUBUC, Plaintiff seeks damages for:

a.    LARRY DUBUC's conscious physical pain and suffering suffered prior to his death;

b.    LARRY DUBUC's conscious mental anguish suffered prior to his death;

c.    The physical impairment of Decedent in the past;

d.    The disfigurement suffered by Decedent in the past;

e.    Reasonable and necessary medical expenses incurred from the moment of injury to his death; and

f.    Funeral and burial expenses for LARRY DUBUC.

37.    In addition, the Estate of LARRY DUBUC is entitled to exemplary damages based on Defendant's actions and inactions.

38.    Plaintiff BARBARA DUBUC is a wrongful death beneficiary as the surviving spouse of LARRY DUBUC. In that capacity she seeks damages, including but not limited to the following:

a.    Mental anguish sustained in the past;

b.    Mental anguish that will be sustained in the future;

c.    Loss of care, maintenance, support, services, advices, counsel, inheritance, and reasonable contribution of a pecuniary value in the past;

d.    Loss of care, maintenance, support, services, advices, counsel, inheritance, and reasonable contribution of a pecuniary value in the future;

e.    Loss of companionship in the past; and

f.    Loss of companionship in the future.

**JURY DEMAND**

39.    Plaintiff demands a trial by jury on all counts.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands that Defendant answer herein as the law directs, and that upon final hearing, this Court enter Judgment against Defendant for actual, special and exemplary or punitive damages together with interest thereon at the legal rate, costs of court, and for other such additional and further relief, special and general, at law and in equity, to which Plaintiff is entitled in accordance with Texas law.

Respectfully submitted,

*/s/ Keith E. Patton*
Keith E. Patton, Esq.
**PATTON LAW, P.C.**
Texas Bar No. 24032821
New Mexico Bar No. 148510
500 Copper Ave NW, Suite 100
Albuquerque, NM 87102
Phone: 505-910-4800
Fax:  505-910-4382
keith@pattonlaw.com

**ATTORNEY FOR PLAINTIFF**



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 15, 2023

Certified Document Number:        111309016 Total Pages:  8

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**